CATHERINE WARSLEY, ADMINISTRATRIX AD PROSE-
QUENDUM OF THE ESTATE OF PAUL WARSLEY, DE-
CEASED, PLAINTIFF-RESPONDENT, v. JOSEPH BRTAN
AND GABRIEL BRTAN, DEFENDANTS-APPELLANTS.

Submitted May 25, 1934—Decided September 27, 1934.

For the defendant-appellant, *Aaron A. Melniker*.

For the plaintiff-respondent, *Edward Stover*.

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in
the New Jersey Supreme Court. The case was tried before
Judge Ackerson and a jury at the Hudson Circuit.

The suit was brought under the Death act by Catherine
Warsley, administratrix *ad prosequendum* of the estate of
Paul Warsley, deceased, against the defendant, Gabriel Brtan,
for damages sustained by reason of the death of the said Paul
Warsley which death was caused, it was claimed, by the neg-
ligent operation of an automobile owned by the defendant.
The suit was against Gabriel Brtan and his son, Joseph

Brtan. The jury rendered a verdict in favor of the plaintiff and against Gabriel Brtan, the father, and no verdict against Joseph Brtan, who, it was claimed, was operating the car at the time of the accident. From the judgment entered as a result thereof, the defendant appeals here on the sole ground that there was no proof of agency, that is, that there was no proof that the son at the time of the accident was acting as the agent of his father, Gabriel Brtan. The complaint contained three counts. The third count was against Gabriel Brtan alleging that he was the owner of the automobile and that Joseph, the driver, the other defendant, was engaged in and about the business of his father and was authorized by his father to drive the automobile and that the said automobile was driven in a negligent manner which caused the accident and the death of plaintiff's intestate. These allegations were denied by the answer. The plaintiff then served interrogatories directed to the defendants or their attorney which required answers to the following questions: First: Who was the owner of the automobile which struck plaintiff's intestate as alleged in the complaint? Second: At the time of said accident who drove the automobile? Fourth: Was said driver, at the time of the accident, engaged in the business of the owner of the car? Fifth: Did the driver at the time of the accident, set forth in the complaint, have the permission of the owner of the car to drive said car? Instead of answering the interrogatories above mentioned, defendants' attorney sent a letter to plaintiff's attorney as follows: "I have your 'interrogatories in the above matter, and note that the information that you request pertains to ownership and operation of the vehicle involved in the accident herein.

"If satisfactory to you, you make take this letter as an admission of ownership and operation, and thereby obviate the necessity of securing interrogatories.

"I trust this will be satisfactory to you."

This letter was signed by the attorney of the defendants and the said letter together with the interrogatories were admitted in evidence without objection. At the close of the case defendant moved for a nonsuit as to the defendant Gabriel Brtan on the ground that there was no evidence that

the defendant Joseph was the agent of the defendant Gabriel. The court denied this motion on the ground that the letter addressed to the attorney of the plaintiff by the attorney of the defendants was evidence of such agency and that it was a question for the jury to determine, in view of the evidence submitted by the defendants to the effect that the son was not the agent of his father, Gabriel, whether or not such agency did exist.

We are of the opinion that the trial court was right in this respect. The letter replying to the interrogatories admits, as above mentioned, that the questions set forth in such interrogatories pertain to ownership and operation of the automobile involved in the accident and the attorney thereby admitted the ownership and operation. The interrogatories called for a reply as to whether or not the driver of the car was engaged in the business of the owner. It seems to us that it was the intention of the defendants' attorney to admit by the letter that the driver of the car was engaged in the business of the owner. Such being the case it would then be for the jury to say whether this admission was the truth or whether the evidence produced on the part of the defendant at the trial was the truth in regard to such agency. It is a well known rule of law that a written document is to be construed most strongly against the one who drew it. At the time the motion was made both of the defendants were still parties to the suit and the jury might have found that the letter admitted both the father and the son owned and operated the car. It is, therefore, quite clear that this letter was evidence of an admission on the part of both defendants which made it a question for the jury to determine.

The judgment under review is, therefore, affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.